# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVON HEMPHILL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:21cv288 SRC |
| ST. LOUIS CITY JAILS, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Davon Hemphill, an inmate at the St. Louis City Justice Center, for leave to commence this civil action without prepaying fees or costs. For the reasons explained below, the Court will grant the motion and assess an initial partial filing fee of $1. Additionally, the Court will give plaintiff the opportunity to file an amended complaint, and will deny his motion for injunctive relief.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff did not provide the certified copy of his institution account statement required by 28 U.S.C. § 1915(a)(2), nor did he respond to this Court's earlier order directing him to do so. Nevertheless, based upon plaintiff's averments in the instant motion, the Court has determined to grant plaintiff leave to proceed *in forma pauperis* in this action, and will assess an initial partial filing fee of $1. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

**Legal Standard on Initial Review**

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the

reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 on behalf of himself, an inmate named Calvin Burke,[1] and the inmate population as a whole. Named as defendants are "St. Louis City Jails," the Mayor and Public Safety Director of the City of St. Louis, nine corrections officials, and one Dr. Fredrick Echols. Plaintiff avers he sues the individual defendants in their official and individual capacities.

---

[1] At the time this action was filed, Calvin Burke was severed from this action and a separate civil action was opened for him. *See Burke v. St. Louis City Jails, et al.,* No. 4:21-cv-257-RLW (E.D. Mo. Mar. 1, 2021). On July 2, 2021, that civil action was dismissed after mail this Court sent to Burke was returned without a forwarding address, and Burke failed to notify the Court of his current address within the time required by this Court's Local Rules.

The complaint is handwritten on notebook paper, and spans 25 pages. Included is a section titled "Gravemen [*sic*] of Complaint" that states in part:

> Plaintiffs a group of pre-trial detainees and convicted prisoners priorly held at the so-called Medium Security Institution, infamously known as the Workhouse bring this Federal Civil Rights Complaint pursuant to 42 U.S.C. § 1983 for violation of their constitutional rights particularly 1st, 4th, 5th and 14th Amendments past, present and up to the filing of this complaint respectively.

(ECF No. 1 at 2). The majority of the complaint describes conditions that allegedly violate the constitutional rights of the inmate population as a whole. Plaintiff does allege that an officer named Darden sprayed him with pepper spray on one occasion "without due process of law" and placed him on "lockdown," and he alleges he was "uncontroveredly [*sic*] denied equal protection of the laws." *Id.* at 17. However, plaintiff does not allege sufficient facts to state a plausible claim. Plaintiff seeks monetary relief.

## Discussion

The complaint is subject to dismissal. It is apparent that plaintiff filed the complaint to seek relief on behalf of other individuals as well as himself. However, plaintiff lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Further, while federal law authorizes plaintiff to plead and conduct his own case personally, 28 U.S.C. § 1654, he is not a licensed attorney and therefore may not represent other individuals in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986).

The complaint suffers from other defects. While plaintiff seeks to sue the "St. Louis City Jails," local jails are not legal entities that are subject to suit. *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"). *See*

*also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). Even if plaintiff had named the municipality as a defendant, the complaint would fail to state a claim of municipal liability. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). Regarding the individual defendants, plaintiff does not clearly explain how each one is personally responsible for the alleged constitutional violations. *See Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege the personal responsibility of defendant). Finally, throughout the complaint, plaintiff offers only the type of "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, and that this Court is not required to presume true. *Iqbal*, 556 U.S. at 678.

Plaintiff will be given the opportunity to file an amended complaint. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). Plaintiff is reminded that he may not assert claims on behalf of others. *See Warth*, 422 U.S. at 499.

In the caption of the complaint form, plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

Plaintiff must avoid naming any defendant that is not directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

The Court now turns to plaintiff's motion, which is titled "Preliminary Injunction." (ECF No. 3). In the motion, plaintiff describes allegedly unconstitutional jail conditions and procedures that violate the rights of the inmate population, and he asks this Court to "grant this

preliminary injunction against the defendants forthwith to stop their practice that place [*sic*] them and those similarly situated in imminent danger." *Id.* at 4. Plaintiff did not frame his motion under the Federal Rules of Civil Procedure, but it is the functional equivalent of a motion under Rule 65(b)(1), which governs issuing a temporary restraining order without notice to the adverse party or his attorney. Under Rule 65(b)(1), this Court may issue a temporary restraining order "only if…specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Here, plaintiff impermissibly attempts to seek relief on behalf of others. He has also failed to file a complaint that survives the initial review required by 28 U.S.C. § 1915(e)(2). It therefore cannot be said that specific facts in a verified complaint clearly show that plaintiff will suffer immediate and irreparable injury, loss or damage before the adverse parties can be heard in opposition. The instant motion will therefore be denied, and the Court will entertain future such motions, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days from the date of this order, plaintiff must pay an initial filing fee of $1. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

7

**IT IS FURTHER ORDERED** that, within thirty (30) days from the date of this order, plaintiff must file an amended complaint on the Court's form and in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that plaintiff's motion titled "Preliminary Injunction" (ECF No. 3) is **DENIED**.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 12th day of July, 2021.

*SLR.CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE